IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES R. EDDINGS, et al.,** § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. **3:07-CV-1512-L** |
| § | |
| **GLAST, PHILLIPS & MURRAY, et al.,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion to Remand, filed September 17, 2007. After carefully considering the motion, response, reply, supplemental response, record, and applicable law, the court **grants** Plaintiffs' Motion to Remand.

**I.      Factual and Procedural Background**

Plaintiffs James R. Eddings, individually and as representative of the Galt Medical Litigation Trust as Sole Trustee for the benefit of the former shareholders of Galt Medical Corporation, Galt Medical Corporation, and Xentek Medical, Inc. (collectively, "Plaintiffs") filed their original petition in the 101st Judicial District Court, Dallas County, Texas on July 20, 2007. Plaintiffs bring a claim of negligence against Defendants Glast, Phillips & Murray, Richard E. Young, and John A. Thomas (collectively, "Defendants"). Specifically, Plaintiffs assert that Defendants were negligent in their representation of Plaintiffs in *Larry Junker v. James Eddings, Galt Medical Corp., and Xentek Medical, Inc.*, C.A. 3:02-CV-0172. Orig. Pet. 2. Plaintiffs point to five instances of negligence that they claim were a proximate cause of their damages. These are:

>     1.      Failing to timely produce evidence pertaining to development
>             and production costs that would have been a basis for a credit
>             or offset against the judgment;

**Memorandum Opinion and Order – Page 1**

> 2. Failing to make an offer of proof of the development and production costs;
> 3. Failing to request a claims construction hearing;
> 4. Failing to properly raise and present motions for judgment as a matter of law pursuant to Federal Rules of Civil Procedure 50(a) and 50(b);
> 5. Failing to request or compel discovery pertaining to an offer of sale defense.

*Id*. at 4. Defendants removed this case to the court on September 5, 2007. Plaintiffs timely moved to remand the case to state court on September 17, 2007.

## II. Legal Standard - Subject Matter Jurisdiction

### A. The General Standard

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

### B. "Arising Under"

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.)

In its most recent pronouncement on "arising under" jurisdiction, the high court dealt with what it called a "longstanding, if less frequently encountered, variety of 'federal arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* makes unequivocally clear that, under this type of "arising under" jurisdiction, the existence of a cause of action created by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14.

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Analysis

Plaintiffs have moved to remand this case to state court because they contend that there is no federal question to be addressed. They contend that the court need not resolve a substantial question of patent law to grant the relief they seek. Plaintiffs argue that their malpractice claim "center[s] on the breach of Defendants' duty to Plaintiffs to act as ordinary, prudent attorneys in the same or similar circumstance." Pl.'s Mem. 3, ¶ 8. They argue further that their claims focus on procedural mistakes that resulted in the waiver of certain defenses. *Id*. at 4, ¶ 9.

Defendants argue that beyond a duty, Plaintiffs must also show that they breached the duty, that the breach proximately caused Plaintiffs' injuries, and that Plaintiffs were injured. Defendants maintain that this "suit within a suit" analysis necessarily involves substantial questions of patent law. They point to the petition, which includes Plaintiffs' allegation that they failed to request a claim construction hearing and that procedural errors resulted in the waiver of Plaintiffs' invalidity defenses. In their supplemental response, Defendants cite two recent cases from the Court of Appeals for the Federal Circuit.

An attorney malpractice action in Texas is based upon negligence and requires proof of four elements: (1) the existence of a duty; (2) the breach of that duty; (3) that the breach proximately caused the plaintiff's injuries; and (4) that damages occurred. *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 496 (Tex. 1995). The law requires a necessary showing of a causal relationship between the act complained of and the injury sustained. *Brown v. Edwards Transfer Co.*, 764 S.W.2d 220, 223-24 (Tex. 1988). In other words, "the plaintiff is entitled to recover damages only for those injuries caused by the event made the basis of the suit." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). "Simply put, a plaintiff must prove a 'suit within a suit' by demonstrating that he would have prevailed in the underlying action *but for* his attorney's negligence." *Gulf Ins. Co. v. Jones*, 143 Fed. Appx. 583, 585 (5th Cir. 2005) (emphasis in original) (quoting *Schlager v. Clements*, 939 S.W.2d 183, 187-89 (Tex. App. – Houston [14th Dist.] 1996, writ denied)).

In two recent cases, the Federal Circuit has considered whether a Texas attorney malpractice claim involving an underlying patent litigation arises under federal law. *See Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262 (Fed. Cir. 2007);

**Memorandum Opinion and Order – Page 5**

*Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007). In *Air Measurement Technologies*, the court considered whether an attorney's alleged malpractice in an underlying patent suit fell within section 1338. 504 F.3d at 1267. The plaintiffs alleged that defendants' errors in the first litigation forced them to settle for below market value. *Id*. at 1266. The complaint contained "seven allegations of error in the context of patent prosecution or patent litigation." *Id*. at 1268. The court considered the "suit within a suit" requirement of the Texas claim and held:

> [T]he district court will have to adjudicate, hypothetically, the merits of the infringement claim. Because proof of patent infringement is necessary to show [plaintiff] would have prevailed in the prior litigation, patent infringement is a "necessary element" of [plaintiff's] malpractice claim and therefore apparently presents a substantive question of patent law conferring § 1338 jurisdiction.

*Id*. at 1269. The court did hold, however, that "[i]f there is a theory upon which [plaintiffs] can prevail on their malpractice claim that does not involve a substantial patent law question, then patent law is not essential to the malpractice claim, and § 1338 jurisdiction is lacking." *Id*. at 1270 (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)). In *Immunocept*, the court held that federal jurisdiction existed in a case where the plaintiff brought an attorney malpractice claim alleging an error in patent claim drafting. 504 F.3d at 1284-85. The court held, "we surely consider claim scope to be a substantial question of patent law" and concluded that section 1338 jurisdiction existed. *Id*. at 1285.

Plaintiffs, in their reply, contend that at least one theory of recovery does not depend upon a determination of patent law and therefore remand is appropriate. Plaintiffs point to their first theory of negligence – that Defendants were negligent in "[f]ailing to timely produce evidence pertaining to development and production costs that would have been a basis for a credit or offset

**Memorandum Opinion and Order – Page 6**

of the judgment." Orig. Pet. 4, ¶ IV. They argue that pursuant to *Air Measurement Technologies* and *Christianson*, patent law is not essential to this claim and therefore section 1338 jurisdiction is unwarranted.

Defendants filed a supplemental response discussing *Air Measurement Technologies* and *Immunocept*, but have never squarely addressed Plaintiffs' claim regarding the untimely production of evidence. Even in their response to the motion, Defendants address Plaintiffs' claims regarding their alleged failure to request a claim construction hearing, failure to raise certain motions pursuant to Rule 50, failure to challenge the evidence that would have supported an invalidity defense, and failure to discover evidence regarding whether an offer of sale could be used as an additional defense, but do not address this first theory of liability. Defs.' Resp. 4-5, ¶¶ 9-12.

After careful consideration, the court concludes that patent law is not essential to Plaintiffs' claim that Defendants failed to produce evidence that might have reduced or offset the judgment. Unlike the plaintiffs in *Air Management Technologies* and *Immunocept*, Plaintiffs were not plaintiffs in the underlying lawsuit and in considering the "suit within a suit," they are not required to prove that they would have succeeded on their patent infringement claims. Rather, their claims relate to procedural errors they allege Defendants made in the underlying lawsuit that led to the judgment against them. In their Original Petition, Plaintiffs allege:

> Defendants failed to timely produce documents to Junker relating to the development and manufacturing costs incurred by Plaintiffs that would have resulted in a significant offset/credit to the total judgment. Defendants failure to produce these documents to Junker resulted in a sanction by the trial court that precluded the presentation of such evidence at trial. The Defendants[] did not request that the court reconsider its ruling.

**Memorandum Opinion and Order – Page 7**

Orig. Pet. 3. The court acknowledges that this is a close call, but it concludes that this theory does not depend on any consideration of patent issues. The court is convinced that Defendants have not met their burden in establishing that it has subject matter jurisdiction over this case. Plaintiffs do not assert that Defendants' mistakes substantively led to the award of a judgment; they simply contend that the procedural errors led to a greater judgment. Because this theory of recovery does not involve a substantial question of patent law, pursuant to *Air Management Technologies* and *Christianson*, section 1338 jurisdiction is not appropriate.

## IV. Conclusion

For the foregoing reasons, the court determines that Plaintiffs' claims do not each involve a substantial question of patent law and therefore the court does not have jurisdiction pursuant to 28 U.S.C. § 1338. Accordingly, the court **grants** Plaintiffs' Motion to Remand and **remands** this case to the 101st Judicial District Court, Dallas County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

**It is so ordered** this 24th day of June, 2008.

_____
Sam A. Lindsay
United States District Judge